FILED
United States Court of Appeals
Tenth Circuit

**February 3, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MILTON THOMAS WALTON,

Defendant - Appellant.

No. 10-5074
(D.C. No. 4:90-CR-00051-JHP-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.[**]

---

Milton Thomas Walton appeals from the district court's revocation of his

supervised release and the sentence subsequently imposed. 1 R. 40-41. Mr.

Walton's counsel seeks to withdraw, and to that end he filed a brief pursuant to

Anders v. California, 386 U.S. 738 (1967), stating that he had conducted a review

of the relevant facts and law and that he could not identify a non-frivolous ground

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to appeal. Aplt. <u>Anders</u> Br. 4. Mr. Walton was served with the <u>Anders</u> brief and notice of his opportunity to pursue the appeal. <u>See</u> <u>id.</u> at 13; Appellate Docket Entry of 9/13/2010 (Letter to Defendant-Appellant). He did not reply. The government, after recounting the procedural history of the case, agreed that no non-frivolous issues could be raised. <u>See</u> Notice of Non-Response, Appellate Docket Entry of 11/23/2010, at 5. For the reasons set forth below, we grant counsel's motion to withdraw and dismiss the appeal.

On July 17, 1990, Mr. Walton was sentenced to ninety-one months in prison and five years supervised release after pleading guilty to bank robbery. 1 R. 7; Aplt. <u>Anders</u> Br. 4-5. His supervised release commenced on November 10, 1997, but was tolled in April 1998 when a related term of supervised release was revoked. 1 R. 7. It was tolled for the second time on April 16, 2001 upon revocation of another related term, and re-commenced on April 19, 2002. <u>Id.</u> at 7-8. The terms of Mr. Walton's supervised release prohibited him from violating federal, state, or local law, required him to respond truthfully to all inquiries by probation officers, and prohibited him from using controlled substances. <u>Id.</u> at 8-9.

On May 4, 2002, Mr. Walton submitted a urine sample that tested positive for cocaine. <u>Id.</u> at 9. On February 7, 2003, probation officers questioned Mr. Walton about ownership of a car. <u>Id.</u> He indicated that he paid $85 per month with no money down. <u>Id.</u> However, documentation showed that Mr. Walton had

paid $500 down in lieu of paying his rent at the Bridgeway Community Treatment Center. Id. On May 29, 2003, Mr. Walton attempted to rob a Lot-A-Burger in Tulsa, Oklahoma. Id. at 8. He was arrested and convicted in Oklahoma state court of attempted robbery by force after former conviction of a felony, and of obstructing an officer. Id. at 21-24. He received a fifty-year prison sentence for the robbery and a one-year concurrent sentence for obstructing an officer. Id.

On May 19, 2010, the federal district court held a hearing regarding Mr. Walton's violation of his terms of supervised release. 2 R. 7. Mr. Walton waived his right to a full hearing, and the court found that Mr. Walton had violated the terms of his supervised release by committing a state crime, untruthfully responding to a probation officer, and possessing and using cocaine. Id. at 14-18. The court imposed a 24-month prison sentence along with 36 months' supervised release, to run consecutively with Mr. Walton's Oklahoma prison term. 1 R. 41-42.

Mr. Walton appeals the sentence and the district court's decision to run the sentence consecutive to, as opposed to concurrently with, his Oklahoma sentence. See Doc. No. 48 (Notice of Appeal); Aplt. Anders Br. 9. After reviewing the record, the district court's decision, and the Anders brief submitted by counsel, we agree that the appeal is wholly frivolous. In reviewing a sentence imposed after revocation of supervised release, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Tsosie,

376 F.3d 1210, 1217-18 (10th Cir. 2004).  We will not disturb a sentence that is both "reasoned and reasonable."  United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005) (internal quotation marks and citation omitted).

We perceive no factual or legal error and the district court's sentence was both reasoned and reasonable.  Imposition of a prison sentence and supervised release upon revocation of the original supervised release is appropriate under 18 U.S.C. § 3583(e)(3) as interpreted by the United States Supreme Court in Johnson v. United States, 529 U.S. 694, 713 (2000).  The new term of supervised release is appropriate because it is shorter than the one originally imposed and not greater than three years.  See 1 R. 42 (36 months); id. at 7 (5 years); 18 U.S.C. § 3583(e)(3); accord Johnson, 529 U.S. at 712.

The district court imposed a sentence that appears within the range set forth in U.S.S.G. § 7B1.1 and below the statutory maximum contained in 18 U.S.C. § 3583(e)(3).  See U.S. Sentencing Guidelines Manual § 7B1.4(a) (2010); 18 U.S.C. § 3583(e)(3).  Mr. Walton makes no claim of error here.  Revocation and a prison sentence was required under 18 U.S.C. § 3583(g)(1) because Mr. Walton had unlawfully possessed and used a controlled substance.  See 18 U.S.C. § 3583(g)(1); 2 R. 15.  The district court also explained its reasoning with reference to the factors contained in 18 U.S.C. § 3553(a).  2 R. 26-27.  The court had the discretion to impose the sentence consecutively to the state sentence, see 18 U.S.C. § 3584(a), and there is no basis for finding an abuse of discretion.

Accordingly, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge